UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

DELORES MCDONALD,

      Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

      Defendant.

_____/

### **WAL-MART STORES EAST, L.P.'S INC'S NOTICE OF REMOVAL**

Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-009059, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. **BACKGROUND**

1.    On or about August 25, 2020, Plaintiff filed her Complaint against Wal-Mart in the 15th Judicial Circuit Court in and for Palm Beach County, Florida. *See* Pl.'s Compl., attached as Ex. "A."

2.    The Complaint was served on Wal-Mart on August 26, 2020. *See* Service of Process attached as Ex. "B."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3.     Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on October 3, 2019 while at the Wal-Mart store located in Palm Beach County, Florida *See* Ex. "A" at ¶¶ 3-5.

4.     Specifically, the Plaintiff alleges she slipped and fell on a transitory substance located on the floor of the Wal-Mart store, which she alleges has caused her to sustain injuries. *Id.* at ¶ 5-11.

5.     Further, Plaintiff alleges Wal-Mart breached its duty to provide her with a reasonably safe environment by failing to maintain its premises in a reasonably safe manner. *Id.*

6.     The Plaintiff is a resident of Palm Beach County, Florida. *Id.* at ¶ 2.

7.     On or about June 1, 2020, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which included ***medical bills that total $56,894.35***. *See* Redacted Pre-Suit Demand Letter attached as Ex. "C."[1]

8.     In addition to the past medical expenses of $56,894.35, the Plaintiff's treating physician, Dr. Malcolm MacLaren, at medical facility Total MD determined that the Plaintiff would require additional medical care throughout her lifetime at a ***cost of $150,000.00 – $200,00.00 which includes costs of future MRIs, Surgical evaluations, physical therapy, and medical equipment***. *See* Dr. MacLaren's Medical Record attached as Ex. "D."

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart will provide same to the Court upon instructions by the Court.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

9.      Further, Plaintiff alleges damages for pain and suffering, past loss wages, mental anguish, incapacity to earn wages in the future and loss of capacity for the enjoyment of life. *See* Ex. "A" at ¶ 11.

10.     Based on Plaintiff's alleged injuries, medical bills, and future medical expenses to be incurred, the Plaintiff ***offered to settle the claim for $300,000.00***. *See* Ex. "C."

11.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

12.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit in and for Palm Beach County, Florida together with a docket sheet from the Clerk of the Court.  *See* State Court Docket and Pleadings attached as Composite Ex. "E."

13.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

14.     In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on August 26, 2020, when Plaintiff served her Complaint. *See* Ex. "B."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690

15.    Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the 15th Judicial District in and for Palm Beach County, Florida where Plaintiff filed her state court Complaint is located in Palm Beach County Florida, which is located within the United States District Court for the Southern District of Florida, West Palm Beach Division.

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

16.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

#### A.    Citizenship of DELORES McDONDALD

17.    Plaintiff is a resident of Palm Beach County, Florida. *See* Ex. "A" at ¶ 2. Although Plaintiff's Complaint does not state the Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

18.    Here, Plaintiff's Complaint indicates she is a resident of Palm Beach County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Palm Beach County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**B. Citizenship of WAL-MART STORES EAST, L.P.**

19.    At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership. *See* SunBiz Report attached as Ex. "F." WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of the incident and at all material times, Bentonville, Arkansas.  *See* SunBiz Report for Wal-Mart attached as Ex. "F."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## IV. AMOUNT IN CONTROVERSY

20.    The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum of $30,000.00, it is clear from Plaintiff's pre-suit demand that her claimed damages exceeds the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.*, No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21.    Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483

F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id.*

23. In the present case, the relevant portions of Plaintiff's $300,000.00 pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Notably, (1) Plaintiff's past medical bills totaled ***$56,894.35*** as of June 1, 2020, (2) her treating physician, Dr. MacLaren, determined that the Plaintiff would require ***additional medical care throughout her lifetime at a cost of $150,000.00 - $200,00.00*** which includes costs of future MRIs, Surgical evaluations, physical therapy, and medical equipment, and her Complaint alleges additional damages for (3) pain and suffering, past loss wages, mental anguish, incapacity to earn wages in the future, and loss of capacity for the enjoyment of life.

24. Admittedly, Plaintiff demands $300,000.00 to settle her claims which are inclusive of past medical expenses; future medical expenses and care; and pain and suffering. *See* Ex. "C."

25. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

$75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous decisions support this conclusion.

26.    For example, in *Katz v. J.C. Penney Corp.*, *supra*, the court concluded that the removing defendant properly established the amount in controversy by addressing through affidavit information received from Plaintiff's pre-suit demand package. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter, it was based on medical records provided by the plaintiff. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009).

27.    In *AAA Abachman Enterprises, Inc. v. Stanley Steemer, Int'l, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), the court relied on plaintiff's demand letter seeking more than $75,000.00 in damages to establish federal jurisdiction. *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012) (denying defendant's motion for remand citing plaintiff's actual damages of approximately $39,000.00 and concluding that future treatment would likely exceed the amount needed to reached the jurisdictional minimum.); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (this Court denied plaintiff's motion to remand citing plaintiff's demand letter claiming $22,563.00 in medical bills and the Court's projections on likely future damages where a doctor estimated that plaintiff "'could' incur costs of $2,500 to $5,000 per year" for future care).

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

28.   In *Lazo v. US Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 26, 2008), the court denied the plaintiff's motion to remand citing to an affidavit filed by defense counsel where he recounted a conversation in which Plaintiff's counsel stated his client was seeking to recover "at least $1,000,000." The Court found this representation "constitute[d] legally certain evidence that plaintiff seeks damages in excess of $75,000.00." *Id.*

29.   In the instance case, although the totality of Plaintiff's future medical expenses are not specifically set forth in her pre-suit demand letter, Plaintiff's future damages in the instant matter certainly exceed the $75,000.00 jurisdictional limit given that Plaintiff's demand letter, together with her accompanying medical records and bills, demands $300,000.00. *See* Ex. "C."

30.   In addition to past future medical expenses, Plaintiff's Complaint claims damages for pain and suffering, loss of capacity for the enjoyment of life, and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012). Furthermore, Plaintiff also alleges her losses are permanent or continuing and she will suffer further loss into the future. *See* Ex. "A" at ¶ 11.

31.   Like *Katz*, here, even though the current actual past medical expenses are below the jurisdictional amount, Plaintiff's future damages will certainly make up the difference since Plaintiff will require ongoing treatment due to the alleged permanent nature of her injuries.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

32.   Based upon the pertinent case law above, Wal-Mart has conclusively established by a preponderance of the evidence the amount in controversy is satisfied based upon (1) Plaintiff's **$300,000.00 pre-suit demand letter** and accompanying medical records and bills which total **$56,894.35 in past medical bills and $150,000.00 - $200,000.00 in future medical expenses throughout her lifetime,** as well as (2) Plaintiff's claim for damages for pain and suffering, mental anguish, loss wages, loss of capacity for the enjoyment of life and aggravation of prior injuries. *See La Rocca,* 676 F. Supp. 2d at 1349 (S.D. Fla. 2009); *Scott,* 2012 WL 86986, *3 (S.D.Fla. Jan. 11, 2012); *Katz,* 2009 WL 1532129, *4 (S.D.Fla. June 1, 2009).

33.   The representations made in Plaintiff's Complaint, medical records/bills and pre-suit demand letter together sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

34.   For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by a preponderance

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 ·  FACSIMILE: 305-379-3690

of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, Wal-Mart Stores East, L.P., ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 50-2020-CA-009059, on the docket of the Court for the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: September 23, 2020**

**[Signature on following page]**

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully submitted,

*/s/ Patricia Concepcion*
Jerry D. Hamilton
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William Edwards
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Patricia Concepcion
Florida Bar No. 109058
pconcepcion@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

*/s/ Patricia Concepcion*
Patricia Concepcion, Esq.

## SERVICE LIST

**THE SCHILLER KESSLER GROUP, PLC**
**Sara B. Schafer, Esq.**
Florida Bar No.: 84455
7501 W. Oakland Park Boulevard
Ft. Lauderdale, FL 33319
Telephone: (954) 933-3000
Facsimile: (954) 358-1591
Email: efile@injuredinflorida.com
*Attorneys for Plaintif*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690